UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM OWEN, | ) | CIV. 07-4014-KES |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | EXCLUDE TESTIMONY OF |
| | ) | PLAINTIFF'S TREATING |
| UNITED STATES OF AMERICA, | ) | PHYSICIAN AND DENYING |
| | ) | DEFENDANT'S MOTION TO |
| Defendant. | ) | STRIKE |

Defendant moves to exclude testimony of plaintiff's treating physician, Dr. David Hoversten. Plaintiff opposes the motion. Defendant also moves to strike Dr. Hoversten's affidavit, which was filed in conjunction with plaintiff's brief in opposition to defendant's motion, and renews its motion to strike Dr. Hoversten as an expert for failure to comply with the court's expert disclosure deadline. Defendant's motions are denied.

## BACKGROUND

This is a medical malpractice action brought against the United States pursuant to the Federal Tort Claims Act. Plaintiff alleges that Indian Health Service doctors negligently treated his lower back condition beginning on August 1, 2001. On August 14, 2003, plaintiff saw Dr. Hoversten for a second opinion rating on this condition. Dr. Hoversten found that plaintiff had a 60 percent impairment of the whole person and was at maximum medical improvement. The court has found that Dr. Hoversten is a treating physician not subject to the reporting requirements of Fed. R. Civ. P. 26(a)(2)(B).

**DISCUSSION**

**I.    Motion to Exclude Testimony of Dr. Hoversten**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702.  Under Rule 702, the trial judge acts as a "gatekeeper" screening evidence for relevance and reliability.  <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 589, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993).  Pursuant to Rule 702,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony.  The rule clearly is one of admissibility rather than exclusion." <u>Lauzon v. Senco Prods., Inc.</u>, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted).  "The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury."  <u>Wood v. Minn. Mining & Mfg. Co.</u>, 112 F.3d 306, 309 (8th Cir. 1997) (internal quotations and citation omitted).

The Eighth Circuit has determined that a district court should apply a three-part test when screening testimony under Rule 702.

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the

> ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

Lauzon, 270 F.3d at 686 (internal citations and quotations omitted). With respect to relevancy, expert testimony will be relevant and helpful to the jury if it concerns matters beyond the general knowledge of average individuals. See United States v. Shedlock, 62 F.3d 214, 219 (8th Cir. 1995). With respect to an expert's qualifications, Rule 702 recognizes five bases for qualifying an expert, which include "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Significantly, "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." Robinson v. GEICO Gen. Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006). Finally, with respect to reliability, "it is the expert witnesses' methodology, rather than their conclusions, that is the primary concern of Rule 702." Bonner v. ISP Tech., Inc., 259 F.3d 924, 929 (8th Cir. 2001). "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Id. (internal quotations omitted).

District courts have discretion in determining whether to admit expert witness testimony under Rule 702. See In re Air Crash at Little Rock Arkansas, on June 1, 1999, 291 F.3d 503, 509 (8th Cir. 2002). Nonetheless,

the proponent of expert testimony must prove its admissibility by a preponderance of the evidence.  Daubert, 509 U.S. at 592 n.10, 113 S. Ct. at 2796.

Defendant moves to exclude the testimony of Dr. Hoversten pursuant to Rule 702.  There is no real dispute over the relevance and qualification prongs of the three-part test.  Dr. Hoversten's assessment of plaintiff's impairment rating is helpful to the finder of fact because it concerns matters of orthopedic diagnosis and treatment that are beyond the general knowledge of average individuals.  Dr. Hoversten is also qualified to assist the finder of fact, as he completed his orthopedic residency at the Mayo Clinic in 1981 and has been licensed to practice medicine in South Dakota since 1984.

Defendant's main objection to Dr. Hoversten's opinion is that it is unreliable because it contains misstatements of fact.  Dr. Hoversten's records indicate that at the time he examined plaintiff, plaintiff was working as a police officer doing dispatch, had problems with urination and bladder infections, had severe fecal incontinence, and was injured while assisting a person in a wheelchair.  In contrast, plaintiff testified in his deposition that at the time of his appointment with Dr. Hoversten, he was not doing dispatch, did not need to catheterize, had no kidney, bladder, or urinary tract infections, had regained control of his bowels, and injured his back while lifting a freezer.  Defendant

4

does not argue that Dr. Hoversten employed improper techniques to evaluate plaintiff's injury or that Dr. Hoversten should have conducted additional tests.[1]

Defendant's contention that Dr. Hoversten's opinion should be excluded because it is based on inaccurate factual information is unavailing. The soundness of the factual basis for Dr. Hoversten's opinion goes to the credibility of his testimony, not its admissibility. See Bonner, 259 F.3d at 929. Defendant can bring out the inconsistencies between the facts plaintiff reported to Dr. Hoversten and the facts he reported in his deposition on cross examination. See Kudabeck v. Kroger Co., 338 F.3d 856, 862 (8th Cir. 2003) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Because defendant does not attack the principles and methodology behind Dr. Hoversten's opinion, Dr. Hoversten's testimony is admissible. See Bonner, 259 F.3d at 929.

## II.   Motion to Strike

Plaintiff submitted Dr. Hoversten's affidavit dated September 18, 2008, in opposition to defendant's motion to exclude Dr. Hoversten's testimony. Dr. Hoversten states that he has learned about improvements in plaintiff's

---

[1] According to the summary of expert testimony filed by counsel for plaintiff, Dr. Hoversten determined plaintiff's impairment rating by reviewing plaintiff's medical records; conducting an examination of plaintiff that included toe walking, heel walking, Trendelenburg standing, straight leg raising, and reflex tests; consulting the Fourth Edition, AMA Guide to Permanent Partial Impairment; and employing the DRE (Diagnosis Related Estimates) method.

medical condition, that the 60 percent impairment rating he gave plaintiff in 2003 remains appropriate, and that plaintiff's treatment by Indian Health Service doctors deviated from the standard of care. Docket 38. Defendant moves to strike the affidavit as nonresponsive to defendant's motion and renews its motion to strike Dr. Hoversten's testimony for failure to comply with the expert disclosure deadline. Defendant argues that the content of Dr. Hoversten's affidavit converted him from a treating physician to an expert witness subject to Rule 26(a)(2)(B) reporting requirements.

The factual basis of Dr. Hoversten's opinion goes to the weight to be given his opinion rather than its admissibility. As a result, the court did not consider Dr. Hoversten's statements regarding whether his opinion would change with knowledge of different facts about plaintiff's condition. Because the court did not rely on Dr. Hoversten's affidavit in resolving defendant's underlying motion to exclude his testimony, defendant's motion to strike the affidavit as nonresponsive is moot.

With regard to defendant's renewed motion to strike Dr. Hoversten's testimony for failure to comply with the expert disclosure deadline, the court reiterates that Dr. Hoversten is a treating physician who is not subject to expert disclosure requirements. Defendant provides no authority for its contention that Dr. Hoversten has become an expert through his affidavit. Further, the court is aware that the scope of a treating physician's testimony is limited. "[A] treating physician may testify about that which is related to and

6

learned through actual treatment of the [patient], and which is based on his or her 'personal knowledge of the examination, diagnosis and treatment.'" Navrude v. United States (USPS), No. C01-4039-PAZ, 2003 WL 356091, at *7 (N.D. Iowa Feb. 11, 2003) (internal quotation and citation omitted). Because the court did not rely on Dr. Hoversten's affidavit, it is unnecessary to decide whether his statements are admissible as evidence. Defendant may raise any objections to the scope of Dr. Hoversten's testimony at trial. The case will be tried before the court, so there is no risk that a jury will be influenced by hearing inadmissible testimony that is beyond the scope of information obtained during Dr. Hoversten's care and treatment of plaintiff.

Based on the foregoing, it is hereby

ORDERED that defendant's motion to exclude testimony of Dr. Hoversten (Docket 32) is denied.

IT IS FURTHER ORDERED that defendant's motion to strike the affidavit of Dr. Hoversten (Docket 39) is denied.

IT IS FURTHER ORDERED that defendant's renewed motion to strike Dr. Hoversten as an expert (Docket 39) is denied.

Dated December 5, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE